# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KWADWO OKYERE**, | : CIVIL NO. 1:18-CV-178 |
| Petitioner | : (Chief Judge Conner) |
| v. | : |
| **WARDEN CLAIR DOLL**, | : |
| Respondent | : |

## MEMORANDUM

Petitioner Kwadwo Okyere ("Okyere"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Okyere challenges his continued detention by ICE pending removal. (Id.) He requests immediate release from detention or, alternatively, a hearing before an immigration judge. (Id. at 8). For the reasons set forth below, the court will grant the petition in part and order that an immigration judge conduct an individualized bond hearing within thirty (30) days of the accompanying order.

## I.     Immigration Proceedings

Okyere, a native and citizen of Ghana, entered the United States at an unknown location and date as "an alien present in the United States who has not been admitted or paroled." (Doc. 1; Doc. 6-1 at 3, Notice to Appear; Doc. 6-1 at 11, Record of Deportable/ Inadmissible Alien).

On April 18, 2017, ICE served a Notice to Appear on Okyere indicating that he was subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") for being an alien present in the United States without being admitted or paroled; section 212(a)(7)(A)(i)(I) of the INA for not being in possession of a valid unexpired immigrant visa; and section 212(a)(2)(A)(i)(I) of the INA for being convicted of committing acts which constitute the essential elements of a crime involving moral turpitude. (Doc. 6-1 at 5, Notice to Appear). Okyere was taken into ICE custody on May 16, 2017. (Doc. 6-1 at 13, Notice of Custody Determination).

On November 7, 2017, an immigration judge denied Okyere's application for adjustment of status, found him ineligible for post conclusion voluntary departure, and ordered Okyere removed from the United States to Ghana. (Doc. 6-1 at 16, Oral Decision of the Immigration Judge dated November 7, 2017). On December 6, 2017, Okyere filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Doc. 6-1 at 18, Filing Receipt for Appeal). That appeal remains pending before the BIA. (Id.)

On January 25, 2018, Okyere filed the instant habeas petition. (Doc. 1).

**II.    Discussion**

The court has jurisdiction over Okyere's habeas petition and his claims challenging his prolonged pre-final order detention by ICE at the York County Prison as illegal and unconstitutional. See Leslie v. Attorney General of U.S., 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, the court notes that Okyere is not subject to a

final order of removal, as the immigration proceedings remain pending. Thus, the court is forced to address whether Okyere is entitled to habeas relief in the nature of his release from the York County Prison pending the outcome of his immigration proceedings, or to order a bond hearing. Respondent indicates that if the court orders an individualized bond hearing before an immigration judge, respondent will coordinate with the immigration court to schedule a bond hearing as expeditiously as possible. (Doc. 6 at 1-2).

Following Okyere's criminal convictions, there was a clear legal basis for ICE to detain him pending the outcome of removal proceedings. Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Prior to a final removal order, an alien must be detained without being afforded a bond hearing. 8 U.S.C. § 1226(c). However, this "mandatory detention" provision has limits. See Diop v. ICE/Homeland Sec., 656 F.3d 221, 232 (3d Cir. 2011). The courts have cautioned that the constitutionality of detention is, at least to some extent, a function of the length of detention. Id. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in Demore v. Kim, et al., 538 U.S. 510, 532 (2003), emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. See Diop, 656 F.3d at 233. Where detention has become unreasonable,

3

"the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id.

In Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015), the Third Circuit further examined excessive detention claims under § 1226(c). The Third Circuit held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States:

> beginning sometime after the six-month time frame considered by Demore, and certainly by the time [the alien] had been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. . . . [T]he underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner's] continued detention was or is necessary.

Chavez-Alvarez, 783 F.3d at 478.

Okyere has been detained by ICE since May 16, 2017. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." Hernandez v. Sabol, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). As stated *supra*, section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.

See Diop, 656 F.3d at 231.  Given Okyere's twelve month detention, the court will direct that Okyere be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.  Although the court declines to grant the outright release of Okyere in advance of a bond hearing, Okyere's detention does require a bond hearing.

    A separate order shall issue.

                                                /S/ CHRISTOPHER C. CONNER
                                                Christopher C. Conner, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania

Dated:      June 1, 2018