# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KWADWO OKYERE,** | : | **CIVIL NO. 1:18-CV-178** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN CLAIR DOLL,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Petitioner Kwadwo Okyere ("Okyere"), a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined at the West Texas Detention Facility, Sierra Blanca, Texas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Okyere challenges his continued detention by ICE pending removal. (Id.) He requests immediate release from detention or, alternatively, a hearing before an immigration judge. (Id. at 8). By order dated June 1, 2018, the court granted the petition in part and ordered that an immigration judge conduct an individualized bond hearing within thirty (30) days of the order. (Docs. 10, 11).

Presently pending before the court is respondent's motion to alter or vacate the June 1, 2018 order. (Doc. 16). For the reasons set forth below, the court will grant the motion.

## I. Immigration Proceedings

Okyere, a native and citizen of Ghana, entered the United States at an unknown location and date as "an alien present in the United States who has not been admitted or paroled." (Doc. 1; Doc. 6-1 at 3, Notice to Appear; Doc. 6-1 at 11, Record of Deportable/ Inadmissible Alien).

On April 18, 2017, ICE served a Notice to Appear on Okyere indicating that he was subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") for being an alien present in the United States without being admitted or paroled; section 212(a)(7)(A)(i)(I) of the INA for not being in possession of a valid unexpired immigrant visa; and section 212(a)(2)(A)(i)(I) of the INA for being convicted of committing acts which constitute the essential elements of a crime involving moral turpitude. (Doc. 6-1 at 5, Notice to Appear). Okyere was taken into ICE custody on May 16, 2017. (Doc. 6-1 at 13, Notice of Custody Determination).

On November 7, 2017, an immigration judge denied Okyere's application for adjustment of status, found him ineligible for post conclusion voluntary departure, and ordered Okyere removed from the United States to Ghana. (Doc. 6-1 at 16, Oral Decision of the Immigration Judge dated November 7, 2017). On December 6, 2017, Okyere filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Doc. 6-1 at 18, Filing Receipt for Appeal). On March 16, 2018, the BIA dismissed the appeal. See Okyere v. Att'y Gen., No. 18-1840 (3d Cir. 2018). On April 16, 2018, Okyere filed a petition for review with the Third Circuit Court of Appeals. Id. On April 23, 2018, the Third Circuit granted Okyere a temporary stay of removal

pursuant to a standing practice order.  Id.  On May 22, 2018, Okyere filed a two-month extension request to file his brief and appendix.  Id.

On January 25, 2018, Okyere filed his federal habeas petition.  (Doc. 1).  On June 1, 2018, the court granted the petition in part and ordered that an immigration judge conduct an individualized bond hearing within thirty (30) days of the order.  (Docs. 10, 11).

## II. Legal Standard

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court.  See FED. R. CIV. P. 59(e); United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment."  Waye v. First Citizen's Nat. Bank, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted).  A motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

3

reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Reconsideration of a judgment is an extraordinary remedy, and the court grants such motions sparingly. D'Angio v. Borough of Nescopeck, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

### III. Discussion

As provided for above, Okyere is subject to removal pursuant to section 212(a)(6)(A)(i) of the INA for being an alien present in the United States without being admitted or paroled, section 212(a)(7)(A)(i)(I) of the INA for not being in possession of a valid unexpired immigrant visa, and section 212(a)(2)(A)(i)(I) of the INA for being convicted of committing acts which constitute the essential elements of a crime involving moral turpitude. (Doc. 6-1 at 5, Notice to Appear).

Okyere is detained pursuant to 8 U.S.C. § 1226(c). Under § 1226(c), the Attorney General is required to detain any noncitizen who is inadmissible or deportable on criminal grounds. 8 U.S.C. § 1226(c)(1)(A). An individual detained under § 1226(c) may only be released pending a removal decision in very narrow circumstances, specifically, when the Attorney General determines that release is necessary to protect a witness, and that the alien does not pose a danger to society or a flight risk. 8 U.S.C. § 1226(c)(2).

The United States Supreme Court issued a recent opinion that controls the court's analysis of the instant matter. In Jennings v. Rodriguez, ⸺ U.S. ⸺, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit's

holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. Jennings, 138 S.Ct. at 842. The Court in Jennings held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute. Jennings, 138 S.Ct. at 847. With regard to § 1226(c), the Supreme Court stated:

> § 1226 applies to aliens already present in the United States. . . . Section 1226(c) in turns states that the Attorney General "shall take into custody any alien" who falls into one of the enumerated categories involving criminal offenses and terrorist activities. 8 U.S.C. § 1226(c)(1). Section 1226(c) then goes on to specify that the Attorney General "may release" one of those aliens "*only if* the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk. § 1226(c)(2) (emphasis added).
>
> Like § 1225(b), § 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a).

> \* \* \*
>
> § 1226(c) is *not* "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to be removed from the United States" . . . and it expressly prohibits release from that detention except for narrow, witness-protection purposes. . . . Indeed, we have held as much in connection with § 1226(c) itself. In <u>Demore v. Kim</u>, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in <u>Zadvydas</u> by pointing out that detention under § 1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite termination point"—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under § 1226(c).

<u>Jennings</u>, 138 S.Ct. at 846.

Based upon the Supreme Court's holding in <u>Jennings</u>, the court must conclude that Okyere's detention under 8 U.S.C. § 1225(c) does not entitle him to a bond hearing pending his removal proceedings. <u>See</u> <u>id.</u> at 842.

Consequently, in accordance with <u>Jennings</u>, the motion for reconsideration will be granted, and the petition will be denied.

A separate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    July 26, 2018